

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

~~XXXXXXXXXXXXXXXXX~~

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3834
Re:  Concerning the
assessment for taxation
of shares in Federal
Savings and Loan Asso-
ciations.

We have your letter of July 30, 1941, requesting our
opinion in response to the following questions:

"1.  Are Federal Savings & Loan Associations
required to pay ad valorem taxes on their shares
outstanding?

"2.  Are Federal Savings and Loan Associa-
tions domiciled in this State required to render
their property for taxes on the basis set forth in
Section 54 of the 1929 Building and Loan Act,
known as Article 881(a), Section 53, V.A.C.S.?"

Article 881a-57a, Vernon's Annotated Civil Statutes,
reads as follows:

"Every Federal Savings and Loan Association
incorporated under the provisions of Home Owners'
Loan Act of 1933, as now or hereafter amended,
domiciled in the State of Texas, and the holders
of shares or accounts issued by any such associa-
tion shall have all the rights, powers, and privi-
leges, and shall be entitled to the same exemptions
and immunities to which building and loan associa-
tions organized under the laws of this State and
holders of the share or share accounts of such
associations are entitled."

Subdivision (h) of Section 1464, Title 12, U.S.C.A.,
reads:

"(h)  Exemptions from taxation.  Such associa-
tions, including their franchises, capital, reserves,
and surplus, and their loans and income, shall be
exempt from all taxation now or hereafter imposed by
the United States, and all shares of such associa-
tions shall be exempt both as to their value and the

income therefrom from all taxation (except sur-
taxes, estate, inheritance, and gift taxes) now
or hereafter imposed by the United States; and
no State, territorial, county, municipal, or local
taxing authority shall impose any tax on such
associations or their franchise, capital, reserves,
surplus, loans, or income greater than that im-
posed by such authority on other similar local mu-
tual or cooperative thrift and home financing in-
stitutions."

Article 881a-54, Vernon's Annotated Civil Statutes,
reads as follows:

"At the annual meeting or at any meeting
called for that purpose, any two or more building
and loan associations organized under the laws of
this state may, by vote of two-thirds of all share-
holders of each of the different associations, re-
solve to consolidate into one association upon such
terms as shall be mutually agreed upon by the di-
rectors of such associations; or any such associa-
tion may transfer its engagements, funds and prop-
erty to any other such association upon such terms
as may be agreed upon by its board of directors,
when approved by two-thirds of all the shares of
all members convened in special meeting for that
purpose, the notice sent to each member of record
specifically stating the object of the meeting; if
such notice shall state affirmatively the terms
upon which such consolidation is contemplated and
shall state that any member not present at the
meeting in person or by representative will be re-
garded as having voted for the transfer or consoli-
dation, such absent member shall be counted as
being among the required two-thirds affirmative
vote; but such transfer shall not prejudice the
right of any creditor of any such association to
have payment of his debt out of the assets and prop-
erty thereof, nor shall any creditor be thereby de-
prived of or prejudiced in any right of action then
existing against the officers or directors of said
association any neglect or misconduct; providing
that the reorganized association shall be liable
for all obligations to stockholders of the associa-
tions existing prior to such consolidation, and
providing, further, that no consolidation or trans-
fer provided herein shall take effect until the
terms and conditions have been approved by the Bank-
ing Commissioner of Texas, and until a copy of the

resolution, certified by a majority of the board
of directors of each association, shall be filed
with said Banking Commissioner of Texas, and re-
corded in the same manner hereinbefore provided
for amendments to charters."

In our opinion No. O-3156 we held that shares in a
Federal Savings and Loan Association are subject to taxation.
In that opinion we were not called upon to advise as to whom
the same should be taxable, that is, as to the Association or
to the owner. However, these shares being property, they
would clearly be taxable to the owner, not to the Association.
Article 7152, Revised Civil Statutes, provides in part:

"All property shall be listed or rendered in
the manner following:

"(1) By the owner. Every person of full age
and sound mind, being a resident of this State,
shall list all of his real estate, moneys, credits,
bonds or stock of joint stock or other companies
(when the property of such company is not assessed
in this State), moneys loaned or invested, annui-
ties, franchises, royalties, and all other property.

"* * *"

See also, Articles 7161 and 7162, Sections 37, 38
and 43, Revised Civil Statutes. Your first question is there-
fore answered in the negative. This, however, is not to be
construed as saying that money on hand which has been received
by such an Association through the issuance of any such shares
does not have to be listed as an asset under (c) of Article
881a-53. It should be so listed.

We pass now to a consideration of your second ques-
tion. On May 12, 1938, Assistant Attorney General Williford
advised you in substance that the properties of these Associa-
tions should be assessed as provided in Article 881a-53 for
building and loan associations, with which opinion we substan-
tially agree. In view of Article 8, Section 1, of the State
Constitution, providing that "all property in this State, whether
owned by natural persons or corporations, other than municipal,
shall be taxed in proportion to its value, which shall be as-
certained as may be provided by law," such Associations certainly
can have no complaint to the application of Article 881a-53 to
them. We say this particularly in view of the permission given
by the statute to make deductions (c-1) and (c-2). The prop-
erties of such an Association should be assessed and consist of
three items, (a), (b) and (c). Item (a) is the value of office

furniture and fixtures.  Item (b) is the value of real estate. Item (c) is the value of all its assets, less three deductions, viz:  (1) accounts payable and notes payable, and (2) book value of shares outstanding, and (3) the assessed value of the furniture and fixtures and real estate held by the association and rendered by it for taxation.  The sum of items (a), (b) and (c) will be the total assessed value of the properties of the Association.  If other properties in the county are systematically assessed at a percentage of value less than the whole, the properties of such Associations, of course, will receive the same treatment.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Glenn R. Lewis
Glenn R. Lewis, Assistant

APPROVED AUG 18, 1941
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

GRL:eaw:wb